UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )    4:23-cr-017-2<br>) |
| NYGERIA TASHEEMA BROWN | )<br>)<br>)<br>) |

## PLEA AGREEMENT

Defendant Nygeria Tasheema Brown, represented by Defendant's counsel John D. Carson, Jr., and the United States of America, represented by Special Assistant United States Attorney Michael Z. Spitulnik, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. **Guilty Plea**

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 924(a)(1)(A).

2. **Elements and Factual Basis**

The elements necessary to prove the offense charged in Count One are (1) that Defendant knowingly made a false statement and representation to Z and Son Fine Guns, LLC (2) a person licensed under the provisions of Chapter 44 of Title 18 of the United States Code, (3) with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Z and Son Fine Guns, LLC, (4) in that Defendant, Nygeria Tasheema Brown, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form

Defendant's Initials: NB

4473 Firearms Transaction Record; (5) to the effect that she was the actual buyer of the firearm listed on the Form 4473, a Smith & Wesson, M&P Shield Plus 9mm semi-automatic pistol, (6) whereas in truth and in fact, she was not the purchaser of the firearm.

Defendant agrees that Defendant is, in fact, guilty of this offense. Defendant agrees to the accuracy of the following facts, which satisfy each of the offense's required elements: on or about November 16, 2022 in Chatham County, within the Southern District of Georgia, the defendant, Nygeria Tasheema Brown, along with her codefendant Javonte Deshawn Washington, aided and abetted by each other, did knowingly make a false statement and representation to Z and Son Fine Guns, LLC, a person licensed under the provisions of Chapter 44 of Title 18 of the United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Z and Son Fine Guns, LLC, in that defendant Nygeria Tasheema Brown, did execute a Department of Justice, Bureau of Alcohol Tobacco, Firearms, and Explosives (ATF) Form 4473 Firearms Transaction Record, to the effect that she was the actual buyer of the firearm listed on the Form 4473, a Smith & Wesson, M&P Shield Plus 9mm semi-automatic pistol, whereas in truth and in fact, she was not the purchaser of the firearm.

Specifically, on November 16, 2022, Nygeria Brown and her then-boyfriend Javonte Washington visited Z and Son Fine Guns, LLC, in Savannah, Chatham County, Georgia to purchase a firearm. Z and Son Fine Guns, LLC, is licensed under the provisions of Chapter 44 of Title 18 of the United States Code. Mr. Washington

Defendant's Initials: NB

was released from prison on November 15, 2022. Ms. Brown knew that Mr. Washington had previously been convicted of at least one felony. While at Z and Son Fine Guns, LLC, Ms. Brown and Mr. Washington viewed and handled several firearms while considering which one to purchase. Mr. Washington handled the firearms more extensively and thoroughly, including the Smith & Wesson, M&P Shield Plus 9mm semi-automatic pistol that Ms. Brown eventually purchased for Mr. Washington. Mr. Washington paid for the firearm, and advised Ms. Brown on how to complete the ATF Form 4473. A form to be kept in the records of Z and Son Fine Guns, LLC.

On the form's first page it asks if the person completing the form is the "actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.**" Ms. Brown selected "yes" in answer to this question. Such fact was false as she did this despite knowing that she was actually purchasing the firearm for Mr. Washington, who could not purchase a firearm given his prior felony convictions. Thus, the truth was that she was not the purchaser of the firearm.

3.  Possible Sentence

Defendant's guilty plea will subject Defendant to the following maximum possible sentence: 5 years' imprisonment, 3 years' supervised release, a $250,000

3

Defendant's Initials: NB

fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment.

4. No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, Government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw Defendant's plea of guilty if Defendant receives a more severe sentence than Defendant expects.

5. Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count to which Defendant is pleading guilty.

6. Agreements Regarding Sentencing Guidelines

   a. Use of Information

4

Defendant's Initials: NB

Nothing in this agreement precludes the Government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

b. <u>Acceptance of Responsibility</u>

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the Government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

c. <u>Probation Recommendation</u>

At sentencing, the parties will recommend a sentence of probation.

7. <u>Dismissal of Other Counts</u>

At sentencing, Government will move to dismiss counts 2 and 3 as they pertain to Ms. Brown.

8. <u>Cooperation</u>

a. <u>Complete and Truthful Cooperation Required</u>

This agreement does not require Defendant to cooperate. But Defendant understands that if she cooperates, Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in Defendant's Indictment and any related offenses. Defendant shall fully and truthfully disclose Defendant's knowledge of those offenses and shall fully and

5

Defendant's Initials: NB

truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. Defendant's benefits under this agreement are conditioned only on Defendant's cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

b. <u>Motion for Reduction in Sentence Based on Cooperation</u>

The Government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the Government that the Defendant's sentence be reduced.

9. <u>Forfeiture</u>

a. Defendant agrees to forfeit Defendant's interest in any firearms and ammunition involved or used in the knowing commission of the offense to which Defendant has agreed to plead guilty, specifically the Smith & Wesson M&P Shield Plus 9mm semi-automatic pistol, serial number JPT7028 and ammunition (collectively, the "Subject Property").

b. Defendant states that Defendant is the sole and rightful owner of the Subject Property, that, to the best of Defendant's knowledge, no other person or entity

Defendant's Initials: NB

has any interest in the Subject Property, and that Defendant has not transferred, conveyed, or encumbered the Defendant's interest in the Subject Property. Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the Government to facilitate transfer of title of the Subject Property to the Government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

c. Defendant agrees to hold the Government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d. Defendant waives and abandons Defendant's interest in any other property that may have been seized in connection with this case. Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

10. <u>Financial Obligations and Agreements</u>

　　　a. <u>Special Assessment</u>

Defendant's Initials: NB

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

b. <u>Required Financial Disclosures</u>

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all Defendant's assets and financial interests, whether held directly or indirectly, solely or jointly, in Defendant's name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

c. <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of Defendant's financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

d. <u>No Transfer of Assets</u>

Defendant certifies that Defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial

8

Defendant's Initials: NB

obligations or forfeiture created by this Agreement or that may be imposed upon Defendant by the Court at sentencing. Defendant promises that Defendant will make no such transfers in the future.

e. <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

11. <u>Waivers</u>

a. <u>Waiver of Appeal</u>

Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that Defendant may file a direct appeal of Defendant's sentence if (1) the Court enters a sentence above the statutory maximum, (2) the Court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

b. <u>Waiver of Collateral Attack</u>

Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited

Defendant's Initials: NB

to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

c. **FOIA and Privacy Act Waiver**

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d. **Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver**

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or Defendant's plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

12. **Defendant's Rights**

Defendant has the right to be represented by counsel, and if necessary have the Court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist

Defendant's Initials: NB

in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

13. **Satisfaction with Counsel**

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully, skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

14. **Breach of Plea Agreement**

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the Government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the Government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

11

Defendant's Initials: NB

15. <u>Entire Agreement</u>

This agreement contains the entire agreement between the Government and Defendant.

                                        JILL E. STEINBERG
                                        UNITED STATES ATTORNEY

5/22/23
Date

Tania D. Groover
Deputy Chief, Criminal Division

5/22/23
Date

Michael Z. Spitulnik
Illinois Bar No. 6321559
Special Assistant United States Attorney

12

Defendant's Initials: NB

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

5/17/2023
Date

_____
Nygeria Tasheema Brown, Defendant

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

05/17/23
Date

_____
John D. Carson, Jr, Defendant's Attorney

Defendant's Initials: _____